Stuyvefant contra.
It was the duty of the defendant to
have paid the ddfts on the bail bond, when he gave notice of ipecial bail. The plaintiff had no other poffible remedy for his Cofts than the mode he has adopted, and as the defendant’s irregular conduit has compelled the plaiptiff to proceed, the whole cofts are due from the defendant, and are nothing more than the refult of his own irregularity and obftinacy.
Per curiam. This is a motion to fet aftde proceedings on the bail bond on the facts ftated by the affidavit. The fifit was commenced in January 1802, returnable in April. After-Wards, in May, the aition on the bail bond was brought. Shortly after, the plaintiff’s attorney received notice of bail in the original aition and then delivered a declaration. Pie went on to judgment, and proceeded on the bail botid to recover cofts. The plaintiff’s attorney ftates that lie called oil the attorney of the defendant, and requefted him to pay the cofts on the bail bond, which he did not do, though no regular bail had been put in. On this, proceedings were continued in the bail bond fuit to judgment, on which an execution has iffiied for the cofts. The application is to fet aftde the proceedings and execution ih the bail bond fuit. It is eftablifhdd, With refpeít tó tendering cofts oil a rule to ftay proceedings on the bail bond, that it is the defendant’s duty, when the rule is obtained, to plead and tender cofts.* There was no rule to ftay proceedings : but an equivocal agreement in the place of that rule, and ihould receive the fame conftruction. It was the duty of the attorney of the defendant to plead and pay cofts. This would have been ordered had he not proceeded in the original fuit: but when he did that, it was a waiver of his proceedings on the bail bond, and a waiver of the right to a plea from the oppofite fide. The proceedings mu ft be fet afide ón payment of cofts up to the time' when fpecial bail was entered and notice of that bail given,†

 Cannon ibanucaptorads. Catchcart. Cole. Cas. Prac. 80. exoneretur ordered on payment of cofts; 110 demand or bill prefented. Plaintiff went on. Per curiam. The cofts ihould have been paid without waiting a demand or bill. The relief now to be, on paying of cofts ordered, tliofe of fubfequent proceedings, and refilling this application.

 See Grove ads. Campbell. Cole. Cas. Pi ic.